IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | **CRIMINAL NO.  11-00202-WS** |
| v. | * | |
| | * | |
| **ANTHONY J. KLATCH, II** | * | |

### PRELIMINARY ORDER OF FORFEITURE

This matter comes before the Court on the United States' Motion for Preliminary Order of Forfeiture, (Doc. 51), as supplemented.  (Doc. 53).  Upon consideration the Motion is **granted** as follows:

WHEREAS, in the Indictment in the above-entitled case, the United States sought forfeiture of property, which constitutes or was derived from proceeds traceable to the commission of the offenses of defendant **ANTHONY J. KLATCH, II**, pursuant to Title 18, U.S.C. Section 982 and Title 28, U.S.C. Section 2461(c), and

WHEREAS, based upon the Indictment; the guilty plea entered on October 28, 2011; the Plea Agreement (Doc. 47) entered into between the United States and defendant **ANTHONY J. KLATCH, II**;  the defendant's express agreement (Ddoc. 47, ¶ 22) to confess the forfeiture of all property representing the proceeds of his criminal activities or which facilitated any aspect of his illegal activities including specifically property as identified in the Forfeiture Notice of the Indictment and the Plea Agreement; and the Stipulation and Agreement for Forfeiture (Ddoc. 49) in which the defendant expressly stipulated and agreed that all property identified herein is knowingly and voluntarily forfeited to the United States for the reasons stated, it is hereby

ORDERED, ADJUDGED AND DECREED, that in accordance with Title 18, U.S.C.

Section 981(a)(1)(C) and Title 28, U.S.C. Section 2461(c), and Title 18, U. S. C., Section 982(a)(1), and Federal Rule of Criminal Procedure 32.2(b), all right, title and interest of the defendant, **ANTHONY J. KLATCH, II,** in the property identified as follows, is hereby condemned and forfeited to the United States for disposition according to law, subject to the provisions of Title 21, United States Code, Section 853(n):

> **(a) A sum of money in the amount of $2,340,870.00 which constitutes the amount of money invested in TASK[1];**
>
> **(b) All money or property in foreign bank accounts associated with the TASK, APE, ARM and Vigilant funds;**
>
> **(c) The backpack containing approximately $22,513.00 cash, which was being held by the defendant's civil attorney in New York but which is now in the custody and control of FBI Mobile Field Division Office;**
>
> **(d) Any other money or property that represents the proceeds of , or was derived from the proceeds of, the fraudulent schemes associated with TASK, APE, ARM, and Vigilant funds, other than those already in receivership.**

---

[1] The parties filed a Stipulation and Agreement for Forfeiture whereupon they agreed that a money judgment in the amount of $2,340,870.00, is to be entered against him as a personal money judgment which is based upon the amount of proceeds obtained by defendant or involved in the TASK Conspiracy and Wire Fraud and Money Laundering schemes of which he has been convicted, as set forth in the proposed Preliminary Order of Forfeiture. *United States v. Casey*, 444 F.3d 1071, 1077 (9th Cir. 2006) (because forfeiture is mandatory, a defendant who has already spent the proceeds of his offense must pay a money judgment; otherwise he will have been allowed to enjoy the fruits of his crime, which would be inconsistent with the remedial purpose of the statute); *United States v. Hall*, 434 F.3d 42 59 (1st Cir. 2006) (the district court may order the defendant to forfeit a sum of money equal to the proceeds that he earned but did not retain; this reflects the nature of criminal forfeiture as "a sanction against the individual defendant rather than a judgment against the property itself," and is the only way to truly separate the wrongdoer from the fruits of his crime once he has spent them on "wine, women and song"; *United States v. Vampire Nation*, 451 F.3d 189, 201-02 (3rd Cir. 2006).

AND WHEREAS, by virtue of said guilty plea and said Plea Agreement and Stipulation, the United States is now entitled to, pending possible appeal herein, reduce the said property to its possession and notify any and all potential third parties who have or may have an interest in the forfeited property, pursuant to Title 21, United States Code, Section 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure.

NOW THEREFORE, IT IS FURTHER **ORDERED, ADJUDGED AND DECREED**:

That based on the Plea Agreement, guilty plea and Stipulation and Fed.R.Crim.P 32.2(b)(2), and pursuant to the defendant's consent, all right, title and interest of defendant, **ANTHONY J. KLATCH, II** in the above-described property is hereby forfeited to and vested in the United States of America for disposition in accordance with law, subject to the provisions of Title 21, United States Code, Section 853(n).

That the aforementioned property is authorized to be held by the United States Marshals Service in their secure custody and control.

Pursuant to 21 U.S.C. § 853(n)(1) the United States is required to "publish notice of the order and of its intent to dispose of the property in such manner as the Attorney General may direct."  The United States, exercising the discretion provided it by Supplemental Rule G(4)(a)(iv), has advised the Court that it will satisfy its legal obligation by "posting a notice on an official internet government forfeiture site (www.forfeiture.gov) for at least 30 consecutive days." Accordingly, the United States shall publish notice on www.forfeiture.gov for at least 30 consecutive days.

In accordance with 21 USC § 853(n)(1)-(3), the notice shall accomplish at least the following:

- provide notice of the entry of this order

- declare the United States' intent to dispose of the property in such manner as the Attorney General may direct;

- explain that any person, other than the defendant, having or claiming a legal interest in any of the above-described forfeited property must file a petition with the Court within 60 days of the first date of publication of notice (which date shall be set forth in the notice);

- provide the Clerk's address for filing of the petition;

- explain that the petition shall be signed by the petitioner under penalty of perjury; and

- explain that the petition shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioners's acquisition of the right, title, or interest, and any additional facts supporting the petitioner's claim and the relief sought.

Pursuant to Rule 32.2(b)(6)(A), Federal Rules of Criminal Procedure, the United States must also send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

After the disposition of any petition filed under Fed. R. Crim. P.32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon showing that such discovery is necessary or desirable to solve factual issues.

The United States shall have clear title to the property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Title 21,

United States Code, Section 853(n)(2) for the filing of third-party petitions.

Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to the defendant upon the execution of this Order and shall be made a part of the sentence included in the judgment.  If no third party files a timely claim, this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

IT IS FURTHER ORDERED, ADJUDGED AND DECREED: That, based upon the amount of proceeds the defendant received from or which were involved in the TASK Conspiracy to commit Wire Fraud, Wire Fraud and Money Laundering Schemes, and in light of the defendant's express stipulation and consent to entry of same (see Doc. 49 ¶ 3), a personal money judgment in the amount of $2,340,870.00 is entered against defendant **ANTHONY J. KLATCH, II**, pursuant to Fed. R. Crim. P. 32.2(b)(2)(A).

IT IS FURTHER ORDERED, ADJUDGED AND DECREED: That, based upon the agreement of the parties in the Stipulation and Agreement for Forfeiture, the Court finds that the United States has met one or more of the criteria of 21, United States Code, Section 853(p)(1) for the forfeiture of substitute property, and that the defendant's interest in the following substitute property is hereby forfeited to and vested in the United States of America for disposition in accordance with law, pursuant to Title 21, United States Code, Section 853(p)(2) and Fed.R.Crim.P. 32.2(b)(2)(A), subject to the provisions of Title 21, United States Code, Section 853(n):

    a.    One Cirrus Airplane, SR 22; Aircraft Serial Number 0175; Nationality and Registration marks N122GH;

    b.    One 2008 35' Tiara boat, VIN # SSUMC027A808;

      c.      **One 2010 Ferrari, VIN # K432010842580;**

      d.      **One 2010 Land Range Rover, VIN # SALSK2D44AA251779;**

      e.      **One 2011 Land Range Rover, VIN # SALMF1E48BA329732;**

      f.      **One 2008 Audi Convertible, VIN # WUAYU48H48K800232;**

      g.      **One Men's Patek Phillipe watch;**

      h.      **One Men's Movado watch;**

      i.      **One Men's Swiss watch;**

      j.      **One diamond cross necklace;**

      k.      **One Men's Omega watch;**

      l.      **One Men's Rolex watch;**

      m.      **One Women's diamond watch;**

      n.      **One 3 carat diamond ring purchased from Blue Nile;**

      o.      **One 2011 Aston Martin, VIN #SCFEBBCFOBGS00688;**

      p.      **One 2006 BMW;**

      q.      **All money in foreign or domestic bank accounts or financial institution accounts, or property held by such banks over which the defendant has control which is associated with Klatch, TASK, APE, ARM and Vigilant funds, including but not limited to The Winterbotham Trust Company Limited and CIBC First Caribbean International Bank accounts;[2]**

---

[2] The defendant has further agreed to take all necessary and lawful actions to repatriate to the United States into the custody of the FBI or United States Marshals Service the contents of any foreign bank accounts. To the extent necessary the United States may seek an order pursuant to 21, U.S.C., § 853 (e)(4)(A) to repatriate such property.

   r.  **Real property located at 4590 Jasmine Drive, Center Valley, PA.**

 Pursuant to Fed. R. Crim. P. 32.2(e), the United States may, at any time, move to amend this order of forfeiture to forfeit additional substitute property having a value not to exceed, $2,340,870.00, to satisfy the money judgment, in whole or in part.  Per agreement of the parties, to the extent that property is seized and liquidated pursuant to the money judgment, any proceeds of same will be credited against the money judgment.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

 The Clerk of the Court shall forward seven (7) certified copies of this Order to Assistant U.S. Attorney Alex F. Lankford, IV, U.S. Attorney's Office, Southern District of Alabama.

 DATED this 21st day of December, 2011.


               s/WILLIAM H. STEELE
               CHIEF UNITED STATES DISTRICT JUDGE