

P.O. Box 380901
Bloomington, MN 55438-0902

Date: January 31, 2012

Clerk of the Court
United States District Court for the Southern District of Alabama
113 St. Joseph St
Mobile, AL  36602

Case No:    11-00202-WS
Customer:   Anthony J Klatch II
Vehicle:    2010 Land Range Rover
VIN:        SALSK2D44AA251779

Dear Sir or Madam:

Ally Financial was recently notified that the above referenced vehicle is in your custody as a result of unlawful practice(s). Please accept this letter as notification that Ally holds a secured interest in this vehicle as lien holder.

We request that you forward any information relating to this vehicle, and/or the case under investigation, to Merryl Young by
- Telephone: 1-888-276-6008, option 2
- Fax: 972-537-3329
- Mailing address:
  Ally
  2911 Lake Vista Dr
  Lewisville, TX  75067
- E-mail: merryl.young@ally.com

Thank you for your assistance in this matter. If you have any questions, please feel free to contact me.

Sincerely,
Ally

cc: Alex F Lankford, IV, Assistant United States Attorney

LTRHD (slc)



PO Box 380901
Bloomington, MN 55438

Date: January 31, 2012

Clerk of the Court
United States District Court for the Southern District of Alabama
113 St. Joseph St
Mobile, AL 36602

### PETITION FOR REMISSION OF VEHICLE FORFEITURE

| | |
|---|---|
| Case No.: | 11-00202-WS |
| Vehicle: | 2010 Land Range Rover |
| VIN#: | SALSK2D44AA251779 |
| Place of Seizure: | Mobile, AL |
| Date of Seizure: | 7/27/11 |
| Customer: | Anthony J Klatch II |

To whom it may concern:

Ally is lienholder of the above described motor vehicle. I, the undersigned, am authorized to represent Ally in this matter. I am personally knowledgeable of the facts represented in this petition, and the attached documents are true copies of original documents maintained in Ally's files. The credit sale contract involving the property described above was acquired in good faith, with no knowledge on the part of Ally, or its officers or employees, that the property was to be used in violation of the law including the straw purchase provisions of 8 CFR 275.18 until notification from you. Enclosed are notarized copies of the credit sale contract evidencing the indebtedness to Ally and granting Ally a lien on the vehicle, together with a copy of the certificate of title showing Ally's interest in the vehicle. The present outstanding balance on the contract is $61,489.34. Upon completion of the forfeiture proceedings and the grant of this petition, Ally will not transfer any interest in the vehicle to any violator or any person or company acting as an agent for any violator in accordance with provisions of 8 CFR 274.15(c) (3) and (c) (4).

Ally respectfully requests that you allow Ally, as an innocent lienholder, to obtain possession of the vehicle. If you have additional questions, or require additional information, please call me at 888-276-6008 ext. 3054.

Sincerely,

Merryl Young
Ally

Subscribed and sworn before me a Notary Public in and for the State of Texas this 31 day of January, 2012.

Notary Public
My Commission Expires: 10/31/2015

cc: Alex F Lankford, IV, Assistant United States Attorney



MARIBELLE EVETTE RODRIGUEZ
Notary Public, State of Texas
My Commission Expires
October 31, 2015

Petition for Remission Ally 8/24/2010

# RETAIL INSTALLMENT SALE CONTRACT - SIMPLE FINANCE CHARGE

DEAL# 66876

| Buyer Name and Address (including County and Zip Code) | Co-Buyer Name and Address (including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| ANTHONY CATHEY<br>1211 E CUMBERLAND AVE #2502<br>TAMPA FL 33602 | | LARRY DIMMITT CADILLAC, INC.<br>25191 U.S. HWY 19 N.<br>CLEARWATER, FL 33763 |
| Buyer's Birth Month: JUL | Co-Buyer's Birth Month: | |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis at the Base Rate of ____ per year. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Weight (lbs.) | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2010 | LAND SPORT | | SALSK2D44AA251779 | X personal, family or household<br>☐ business<br>☐ agricultural |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $0.00 |
|---|---|---|---|---|
| 8.89 % | $ 17320.40 | $ 70170.40 | $ 87490.80 | $ 87490.80 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | 1458.18 | Monthly beginning 08/30/10 |

Late Charge. If payment is not received in full within 10 days after it is due, you will pay a late charge of 5 % of each installment.

**ITEMIZATION OF AMOUNT FINANCED**

1. Cash Price (including $ ___ sales tax) ......... $ 68323.39 (1)
2. Total Downpayment =
   Trade-In 2006 LAND RO SPORT
   SALSH234XGA973426 (VIN)
   Gross Trade-In Allowance        $ 33000.00
   Less Pay Off Made By Seller     $ 41147.81
   Equals Net Trade In             $ -8147.81
   + Cash                          $ 7000.00
   + Other                         $ N/A
   (If total downpayment is negative, enter "0" and see 4J below) $ -1147.81 (2)
3. Unpaid Balance of Cash Price (1 minus 2) ......... $ 68323.39 (3)
4. Other Charges including Amounts Paid to Others on Your Behalf
   A Cost of Optional Credit Insurance Paid to Insurance Company or Companies
     Life                                          $ N/A
     Disability                                    $ N/A
   B Vendor's Single Interest Insurance Paid to Insurance Company  $ N/A
   C Other Optional Insurance Paid to Insurance Company or Companies $ N/A
   D Optional Gap Contract                                         $ N/A
   E Official Fees Paid to Government Agencies                     $ N/A
   F Government Documentary Stamp Taxes                            $ 245.70
   G Government Taxes Not Included in Cash Price                   $ N/A
   H Government License and/or Registration Fees                   $ N/A
   I Government Certificate of Title Fees                          $ 420.00
   J Other Charges (Seller must identify who is paid and describe purpose)
     to THIRD BANK           for Prior Credit or Lease Balance     $ 1147.81
     to N/A                  for N/A                               $ N/A
     to ST OF FL             for TIRE FEE                          $ 5.00
     to SELLER               for CVR FEE                           $ 27.00
     to N/A                  for N/A                               $ N/A
     to ST OF FL             for BATTERY FEE                       $ 1.50
     to N/A                  for N/A                               $ N/A
     to N/A                  for N/A                               $ N/A
     Total Other Charges and Amounts Paid to Others on Your Behalf  $ 1847.01  (4)
5. Loan Processing Fee Paid to Seller (Prepaid Finance Charge)     $ N/A      (5)
6. Amount Financed (3 plus 4)                                      $ 70170.40 (6)

Florida documentary stamp tax required by law in the amount of $ 245.70 has been paid or will be paid directly to the Department of Revenue.

### NO COOLING OFF PERIOD
State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.

NOTICE TO THE BUYER: a) Do not sign this contract before you read it or if it contains any blank spaces. b) You are entitled to an exact copy of the contract you sign. Keep it to protect your legal rights.

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs X _____ Date _____  Co-Buyer Signs X _____ Date _____

Seller LARRY DIMMITT CADILLAC, INC.    By _____  Title _____

ORIGINAL LIENHOLDER

OTHER IMPORTANT AGREEMENTS

1. **FINANCE CHARGE AND PAYMENTS**
   a. How we will figure Finance Charge. We will treat any Prepaid Finance Charge as fully earned on the date of this contract. We will figure the rest of the finance charge on a daily basis at the Base Rate on the unpaid part of your Principal Balance. Your Principal Balance is the sum of the Amount Financed and the Prepaid Finance Charge, if any.
   b. How we will apply payments. We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of your Principal Balance and to other amounts you owe under this contract in any order we choose.
   c. How late payments or early payments change what you must pay. We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.
   d. You may prepay. You may prepay all or part of your Principal Balance at any time. If the contract is paid in full within six months after the date you sign it, we may impose an acquisition charge, not exceeding $75, for services performed on your behalf in processing this contract. If you prepay, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.
   e. You may ask for a payment extension. You may ask us for a deferral of the scheduled due date of all or any part of a payment (extension). If we agree to your request, we may charge you a $15 extension fee. You must maintain the physical damage insurance required by this contract (see below) during any extension. If you do not have this insurance, we may buy it and charge you for it as this contract says. You may extend the term of any optional insurance you bought with this contract to cover the extension if the insurance company or your insurance contract permits it, and you pay the charge for extending this insurance.
   If you get a payment extension, you will pay additional finance charges at the Base Rate on the amount extended during the extension. You will also pay any additional insurance charges resulting from the extension, and the $15 extension fee if we charge you this fee.

2. **YOUR OTHER PROMISES TO US**
   a. If the vehicle is damaged, destroyed, or missing. You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.
   b. Using the vehicle. You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.
   c. Security Interest.
      You give us a security interest in:
      • The vehicle and all parts or goods put on it;
      • All money or goods received (proceeds) for the vehicle;
      • All insurance, maintenance, service, or other contracts we finance for you; and
      • All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.
      This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle.
   d. Insurance you must have on the vehicle.
      You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium of the insurance and a finance charge at the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.
   e. What happens to returned insurance, maintenance, service, or other contract charges. If we obtain a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**
   a. You may owe late charges. You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.

   If you pay late, we may also take the steps described below.
   b. You may have to pay all you owe at once. If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
      • You do not pay any payment on time;
      • You give false, incomplete, or misleading information on a credit application;
      • You start a proceeding in bankruptcy or one is started against you or your property; or
      • You break any agreements in this contract.
      The amount you will owe will be the unpaid part of your Principal Balance plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.
   c. You may have to pay collection costs. If we hire an attorney to collect what you owe, you will pay the attorney's fee and court costs as the law allows. This includes any attorneys' fees we incur as a result of any bankruptcy proceeding brought by or against you under federal law.
   d. We may take the vehicle from you. If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.
   e. How you can get the vehicle back. If we take it, if we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.
   f. We will sell the vehicle if you do not get it back. If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
      We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.
   g. What we may do about optional insurance, maintenance, service, or other contracts. This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **WARRANTIES SELLER DISCLAIMS**
   Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
   This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

5. **Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
   Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

6. **Optional Service Contracts.**
   You are not required to buy a service contract to obtain credit. Your choice of service contract providers for any service contracts you buy will not affect our decision to sell or extend credit to you.

7. **Rejection or Revocation.**
   If you are permitted under Florida's Uniform Commercial Code to reject or revoke acceptance of the vehicle and you claim a security interest in the vehicle because of this, you must either: (a) post a bond in the amount of the disputed balance; or (b) deposit all installment payments as they become due into the registry of a court of competent jurisdiction.

8. **Servicing and Collection Contacts.**
   You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

9. **Applicable Law.**
   Federal law and the law of the state of our address shown on the front of this contract apply to this contract.

---

**Seller's Right to Cancel**

a. Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. You understand that it may take a few days for Seller to verify your credit, locate financing for you on the exact terms shown on the front of this contract, and assign this contract to a financial institution. You agree that Seller has the number of days stated on the front of this contract to assign this contract. You agree that if Seller is unable to assign this contract within this time period to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may cancel this contract.

b. If Seller elects to cancel per Paragraph a above, Seller will give you written notice (or in any other manner in which actual notice is given to you). In that event, you may have the option of negotiating and signing a new contract with different financing terms (for example, a larger down payment, a higher annual percentage rate, a required cosigner, etc.) or you may pay with alternate funds arranged by you.

c. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. Seller must give you back all consideration Seller has received in accordance with the terms of the Retail Purchase Agreement or Buyers Order.

d. If you do not immediately return the vehicle, Seller may use any legal means to take it back (including repossession) and you will be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees.

e. While the vehicle is in your possession, all terms of this contract, including those relating to use of the vehicle and insurance for the vehicle, are in full force and you assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage done to the vehicle while the vehicle is in your possession.

f. The terms of this Seller's right to cancel survive Seller's cancellation of this contract.

---

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

The preceding NOTICE applies only if the "personal, family or household" box in the "Primary Use for Which Purchased" section of this contract is checked. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

Form No. 553-FL 5/08

**ally**  Electronic Title Document
611-915854769

- ELT*FL

| Title # : | 0104723897 | Title Type : | |
| Issue Date : | 08/04/2010 | Lic/Tag/Control # : | |

| VIN: | SALSK2D44AA251779 |
| Vehicle Info: | 2010 LNDR UT |
| Odometer Reading: | |
| Date: | 00/00/0000 |
| Status: | |

**Owner information**

| Owner Information: | KLATCH, ANTHONY J |
| Co-Owner: | |
| Third Owner: | |
| Owner Address: | 1211 E CUMBERLAND AVE #2502 |
| | TAMPA, FL 3360200000 |

**Lienholder information**

| Lienholder: | GMAC |
| 2nd Lienholder Name: | , |

| ELT Sent Date: | 08/04/2010 |
| Lien Type: | P |
| Owner Driver License #: | |

| PDP Doc Ref: | 50000014445 / 00048   01/31/2012   17:39:15 |

[Account Search]  [Return to Account]

Terms of Use • Copyright Notice • Privacy Policy
© 2002-2011 PDP Group, Inc. All rights reserved.

Merryl