IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 11-0202-WS |
| ) | |
| ANTHONY J. KLATCH II, ) | |
| ) | |
|     Defendant. ) | |

**ORDER**

On December 21, 2011, the Court granted the government's motion for preliminary order of forfeiture. (Doc. 54). The Court has received three petitions under 21 U.S.C. § 853(n). That section provides in part that "[t]he hearing on the petition shall, to the extent practicable and consistent with the interests of justice, be held within thirty days of the filing of the petition." *Id*. § 853(n)(4). The statute allows the Court to consolidate the hearing as to various petitions. *Id*.

In light of the foregoing, the government is **ordered** to file and serve a statement, on or before **March 12, 2012**, identifying the first and last dates of publication on www.forfeiture.gov, so that the Court may determine when the period provided by Section 853(n)(2) for filing petitions expires. The government's filing shall also state what efforts it has made to contact each petitioner and to resolve each petition informally and shall also evaluate the likelihood of such an informal resolution and the time by which any informal resolution will be reached. The government's filing shall include for each petitioner either a statement that the petitioner agrees with the government's assessment or a summary of the petitioner's assessment. The government's filing shall also include its position, and that of each petitioner, as to the need for and scope of any discovery needed or desired before a hearing. The government's filing shall address any

other matters reasonably necessary for the prompt and efficient resolution of the petitions.[1]

DONE and ORDERED this 5th day of March, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that the petition of the DiSaverios does not appear to set forth a specific right, title or interest in particular property but instead seeks recovery, from "the proceeds after liquidation," of the amount they invested with the defendant. This appears to be more in the nature of a request for restitution than a claim of right to the specific property forfeited by the defendant.